IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FRANK MORGAN**,

    Plaintiff,

v.                                                   Civil Action No. 2:18-cv-01450

                                                   Judge: _____

**LOGAN COUNTY COMMISSION**, A West Virginia county government;
**LOGAN COUNTY SHERIFF SONYA M. DINGESS-PORTER**, individually and in her official capacity;
**DEPUTY BARRY MYNES**, individually and in his official capacity;
**DEPUTY JOEY SHEPARD**, individually and in his official capacity;
**DEPUTY NICK TUCKER**, individually and in his official capacity;
**CITY OF LOGAN/CITY OF LOGAN POLICE DEPARTMENT**, West Virginia municipal government/municipal governmental agency;
**CITY OF LOGAN POLICE CHIEF P.D. CLEMENS**, individually and in his official capacity;
**OFFICER J.D. TINCHER**, individually and in his official capacity;
**OFFICER KEVIN CONLEY**, individually and in his official capacity;
**JOHN DOE OFFICERS/DEPUTIES**, individually and in their official capacities;

    Defendants.

## COMPLAINT

This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to, the Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution, pursuant to 42 USC § 1983, and otherwise. Plaintiff Frank Morgan, for his Complaint against the Defendants, states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343, et. seq. This action at law for money damages arises under 42 U.S.C. §§ 1983, 1988, the United States

Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, Fifth and Fourteenth Amendments of the Unites States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a) because these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in the Logan County, West Virginia, which is located in the Southern District of West Virginia.

## II.   PARTIES

4. Plaintiff, Frank Morgan, was at the times relevant to this Complaint a resident of Logan County, West Virginia and subject to the unlawful actions of the Defendants.

5. Defendant Logan County Commission ("Commission") is a political subdivision established by the laws of West Virginia. Pursuant to West Virginia law, the Commission created a police force, the Logan County Sheriff's Department ("LCSD"). LCSD is subject to the authority, control and discipline of its administrative authority, the Logan County Commission. The Logan County Commission is a "person" as that term is defined in 42 U.S.C. § 1983.

6. Defendant Sheriff Sonya M. Dingess-Porter is the duly elected Sheriff employed by LCSD. She is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. She is sued in both her individual and official capacities.

7. Defendant Barry Mynes is a deputy sheriff and is employed by LCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

8. Defendant Shepard is a deputy sheriff and is employed by LCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

9. Defendant Tucker is as a deputy sheriff and is employed by LCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

10. Defendant City of Logan, West Virginia ("City") is a political subdivision established by the laws of West Virginia. Pursuant to West Virginia law, the City created a police force, Defendant Logan Police Department ("LPD"). The City of Logan and LPD are "persons" as that term is defined in 42 U.S.C. § 1983.

11. Defendant P.D. Clemens is the chief of police of LPD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

12. Defendant J.D. Tincher is an officer of LPD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

13. Defendant Kevin Conley is an officer of LPD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

14. Defendant John Doe Officers/Deputies are officer or deputies of LPD and LCSD. They are "persons" within the meaning of 42 U.S.C. § 1983 and at all relevant times were acting under color of state law. They are sued in both their individual and official capacities.

### III.  FACTS

15. On or about April 20, 2018, Defendant officers of LPD confronted Plaintiff and his female acquaintance on Stratton Street in the City of Logan, Logan County, West Virginia, at approximately 9:30 P.M.

16. Without provocation by the Plaintiff, the Defendant officers of LPD commenced to strike Plaintiff about the legs, torso and arms with LPD-issued police batons. The Defendant officers of LPD then sprayed Plaintiff with mace or some other chemical agent for merely not following orders as quick as the Defendant officers of LPD desired.

17. While these events were transpiring, Defendant Deputy Barry Mynes arrived on the scene and immediately violently tackled Plaintiff without inquiring as to the situation or the status thereof. The Plaintiff was then placed in restraints, escorted to a LPD cruiser and transported to Logan City Hall.

18. Upon arriving at Logan City Hall, Plaintiff was ushered into a room with no cameras and was subjected to additional excessive force at the hands of the Defendant officers which far exceeded the abuses suffered earlier. Specifically, while restrained,

Plaintiff was beaten with hands, feet and, most egregiously, a metal pipe. The majority of these acts of excessive force occurred after Plaintiff was shoved to the deck and remained there during the majority of the beating.

19. After Defendant officers realized they may have killed or severely injured Plaintiff, the Defendant officers frantically attempted to devise a plan in which Plaintiff was at fault in causing his life-threatening injuries. All the while, Plaintiff remained on the deck bleeding, gasping for breath and suffering from the pains associated with the injuries he endured at the hands of the Defendant officers.

20. After allegedly developing their "cover-up" plan, the Defendant officers placed Plaintiff in a squad car, called for an ambulance, drove Plaintiff around the City of Logan for a few minutes then returned to City Hall where the ambulance was waiting. Plaintiff was finally transported to Logan General Hospital wherein he received substandard medical treatment. Plaintiff was then transported via ambulance to Charleston Area Medical Center.

21. Due to the actions/inactions of the Defendant officers, Plaintiff suffered, and continues to suffer from, the following physical injuries: broken arm, kidney injury, jaw injury, severe lacerations on the back of the skull which required no less than seven (7) staples, as well as dozens of contusions, lacerations and abrasions about his torso, chest, back arms and legs. The psychological and emotional injuries suffered by Plaintiff include, but are not limited to, post-traumatic stress disorder, anxiety, depression, agoraphobia, insomnia and other related and sever injuries.

## IV. ALLEGATIONS

### COUNT I
### CIVIL RIGHTS VIOLATION
### (Excessive Force– 42 U.S.C. § 1983)

22. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates the same herein and make each a part hereof.

23. The degree of force actually used against Plaintiff was objectively unreasonable, excessive and unwarranted and violated the Plaintiff's clearly established right to be free from excessive force when the person had already surrendered, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

24. The Defendant officers' actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff's safety and constitutional rights.

25. The Defendant officers' actions were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

### COUNT II
### CIVIL RIGHTS VIOLATION
### (Failure to Provide Timely Medical Care– 42 U.S.C. § 1983)

26. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

27. Defendant officers committed excessive force against Plaintiff.

28. Defendant officers knew Plaintiff was severely injured based upon their own observations, remarks made and Plaintiff's complaints.

29. Despite Plaintiff's severe injuries, Defendant officers did not provide or ensure Plaintiff was immediately transported for emergency medical services.

30. The Defendant officers did not immediatley provide or transport Plaintiff for emergency medical services even though Plaintiff's condition was of such that he required immediate medical treatment and needed to be transported to the hospital immediately.

31. The Defendant officers did not immediately provide or transport Plaintiff for emergency medical services in order to wantonly cause him unnecessary pain and suffering and emotional distress.

32. The Defendant officers' actions and/or inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff's safety, care and constitutional rights.

33. The Defendant officers' actions and/or inactions were the direct and proximate cause of furtherance of Plaintiff's injuries and constitutional violations of which Plaintiff complains.

## COUNT III
## MUNICIPAL LIABILITY

34. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

35. The above-described deprivation of Plaintiff's constitutional rights were caused by implementation of customs, policies, or official acts of the Logan County Commission and the City of Logan; to wit, among other things: Permitting police officers to engage in law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding lawful detention, the proper use of force, and the failure to adequately train, supervise and discipline its police officers regarding the requirement to provide immediate medical assistance to injured arrestees as well as negligently retaining officers previously accused of excessive force.

36. The Logan County Commission and the City of Logan/Logan Police Department, by these acts and omissions, has exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights and safety which its customs and policies pose.

37. The Logan County Commission's and the City of Logan's/Logan Police Department's customs and policies violate the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

38. The customs, practices and policies of The Logan County Commission and the City of Logan/Logan Police Department were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

## COUNT IV
## STATE LAW CLAIMS

39. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this complaint, and by this reference incorporates the same herein and make each a part hereof.

40. The above-described actions constitute the following state law claims against the Defendant officers:

    A.    Assault and Battery
    B.    Negligence
    C.    Invasion of Privacy

41. The above-described actions constitute the following state law claims against Defendant Logan County Commission, Defendant City of Logan, Defendant Dingess-Porter, Defendant Clemens, Defendant officers and Defendant John Does:

    A.    Negligent Hiring
    B.    Negligent Retention
    C.    Negligent Supervision
    D.    Negligence
    E.    Civil Conspiracy
    F.    Outrage / Intentional Infliction of Emotional Distress

42. Defendants had duties through state laws – statutory and common laws, breached said duties, and were the proximate and direct cause of Plaintiff's damages.

## V. PRAYER FOR RELIEF

WHEREFORE, based upon the above stated facts, Plaintiff requests judgment against the Defendants in an amount that will fully and fairly compensate Plaintiff for his injuries including medical expenses, pain and suffering, loss of enjoyment of life, annoyance, aggravation, psychological distress and any other compensatory damages to be proved at trial. Plaintiff further requests punitive damages against the Defendant officers, reasonable attorney fees and costs, all other damages provided by law and any other relief this Court deems just and fair.

**PLAINTIFF DEMANDS A JURY TRIAL.**

    **FRANK MORGAN,**
**By Counsel:**


**s/ Kerry A. Nessel**
**Kerry A. Nessel (WVSB #7916)**
**THE NESSEL LAW FIRM**
**519 ½ Eighth Street**
**Huntington, WV 25701**
**Office: 304-697-6377**


**s/ Abraham J. Saad**
**Abraham J. Saad (WVSB #10134)**
**SAAD DIXON LAW OFFICES PLLC**
**730 4th Avenue**
**P.O. Box 1638**
**Huntington, WV 25717-1638**
**Office: 304-522-4149**
**Facsimile: 800-879-7248**
**Email: ajs@saadlawoffice.com**