IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK MORGAN,

        Plaintiff,

v.                  CIVIL ACTION NO. 2:18-cv-01450

LOGAN COUNTY COMMISSION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court are motions to dismiss filed by Defendants Joey Shepard ("Shepard") and Nick Tucker ("Tucker"), (ECF No. 8), and by Defendants City of Logan/City of Logan Police Department ("LPD"), P.D. Clemens ("Clemens"), J.D. Tincher ("Tincher"), and Kevin Conley ("Conley"), (ECF No. 10). For the reasons explained more fully herein, the motion to dismiss filed by Shepard and Tucker, (ECF No. 8), is **DENIED**. The motion to dismiss filed by LPD, Clemens, Tincher, and Conley, (ECF No. 10), is **GRANTED IN PART** and **DENIED IN PART**.

I.    BACKGROUND

Plaintiff Frank Morgan ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and West Virginia state law, alleging that he suffered serious injuries after he was beaten "[w]ithout provocation" by LPD officers on April 20, 2018. (ECF No. 1 at 1, 4.) Plaintiff further avers that the officers denied him medical treatment while "frantically attempt[ing] to devise a plan in which Plaintiff was at fault in causing his life-threatening injuries." (*Id.* at 5.)

1

Shepard and Tucker filed their motion to dismiss on December 21, 2018. (ECF No. 8.) Plaintiff filed a timely response, (ECF No. 12), and Shepard and Tucker filed a timely reply, (ECF No. 14). LPD, Clemens, Tincher, and Conley also filed their motion to dismiss on December 21, 2018. (ECF No. 10.) Plaintiff filed a response, (ECF No. 18), and LPD, Clemens, Tincher, and Conley filed a timely reply, (ECF No. 19). Accordingly, the motions to dismiss are fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. ANALYSIS

#### A. Shepard and Tucker

Shepard and Tucker urge this Court to dismiss Plaintiff's claims against them as barred by qualified immunity. (ECF No. 9 at 4.)[1] "Qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (internal quotation marks omitted). "In order for a plaintiff to overcome an official's qualified immunity defense, the plaintiff must demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged

---

[1] "Unlike with government officials sued in their individual capacity, qualified immunity from suit under [§] 1983 does not extend to municipal defendants or government employees sued in their official capacity." *Santos v. Frederick Cty. Bd. of Com'rs*, 725 F.3d 451, 470 (4th Cir. 2013) (citing *Owen v. City of Independence*, 445 U.S. 622, 650 (1980)). Shepard and Tucker do not argue that another form of government immunity shields them from Plaintiffs' claims against them in their official capacities. (*See* ECF No. 9.) Their motion to dismiss likewise does not assert any immunities with regard to Plaintiff's state-law claims. (*See id.* at 4.) Therefore, this Court addresses only whether Shepard and Tucker are entitled to qualified immunity as to the § 1983 claims against them in their individual capacities.

3

conduct." *Martin v. Duffy*, 858 F.3d 239, 251 (4th Cir. 2017) (internal quotation marks omitted). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Adams*, 884 F.3d at 226 (alteration omitted) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam)). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks omitted) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Shepard and Tucker fail to elaborate on either prong of the qualified immunity analysis; rather, they assert that "this Court [cannot] infer that constitutional violations were committed by them" because Plaintiff's complaint makes only "general allegations of excessive force." (ECF No. 14 at 2.) Although the complaint does not name the specific officers responsible for each aspect of Plaintiff's allegedly unconstitutional treatment, Plaintiff avers that "Defendant officers" beat him with their "hands, feet and . . . a metal pipe," "develop[ed] a 'cover-up' plan" to blame Plaintiff for his own injuries, and failed to provide him with immediate medical treatment for those injuries. (ECF No. 1 at 4–5.) Quite simply, Plaintiff alleges that *all* the officers he names as Defendants in this action participated in the beating and delay of medical care. (*See id.*) These allegations are sufficient at the motion-to-dismiss stage. *See Wright v. North Carolina*, 787 F.3d 256, 265 (4th Cir. 2015) (noting that the "core requirement" of Federal Rule of Civil Procedure 8(a)(2) is to provide "fair notice of [the plaintiff's] claims" (internal quotation marks omitted)).

More importantly, Plaintiff's allegations compel the denial of qualified immunity in this phase of the proceedings.[2] Plaintiff alleges that after being "confronted" by LPD officers and beaten "[w]ithout provocation"—that is, without suspicion of committing any crime—he was

---

[2] This Court emphasizes that in ruling on a motion to dismiss, it "accept[s] the complaint's factual allegations as true and draw[s] all reasonable inferences in favor of [Plaintiff]." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018).

4

apprehended and placed in restraints. (ECF No. 1 at 4.) He then alleges that "while restrained," he "was shoved to the deck" and "was beaten with hands, feet and . . . a metal pipe" by "Defendant officers." (*Id.* at 4–5.) As of April 20, 2018, it was clearly established that a police officer's use of "unnecessary, gratuitous, and disproportionate force against a handcuffed, secured citizen, who posed no threat to the officer or others and had neither committed, nor was suspected of committing, any crime" constitutes excessive force. *Bailey v. Kennedy*, 349 F.3d 731, 745 (4th Cir. 2003) (quoting *Jones v. Buchanan*, 325 F.3d 520, 534 (4th Cir. 2003)). Therefore, Shepard and Tucker are not entitled, at least at this stage, to qualified immunity as to Plaintiff's excessive force claim.

The same is true for Plaintiff's due process claim for "failure to provide timely medical care." (*See* ECF No. 1 at 6.) Plaintiff alleges that he suffered from "life-threatening injuries" that "required immediate medical treatment" and that "Defendant officers knew [he] was severely injured based upon their own observations [and] remarks . . . and Plaintiff's complaints." (*Id.* at 5, 7.) Plaintiff further avers that instead of providing medical care or "transport[ing] Plaintiff for emergency medical services," "Defendant officers . . . develop[ed] a 'cover-up' plan" to blame Plaintiff for his own injuries, "placed Plaintiff in a squad car, called for an ambulance, drove Plaintiff around . . . for a few minutes[,] then returned to City Hall where the ambulance was waiting." (*Id.*) As of April 20, 2018, it was clearly established that "unreasonable delay in providing medical treatment [to a pretrial detainee] where the need for such treatment is apparent" constitutes a due process violation. *Gray v. Farley*, 13 F.3d 142, 146 (4th Cir. 1993) (quoting *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)). Therefore, Shepard and Tucker are not entitled to qualified immunity as to Plaintiff's due process claim. Their motion to dismiss is **DENIED**.

B. *LPD, Clemens, Tincher, and Conley*

1. *Municipal Liability Against LPD*

LPD argues that Plaintiff's complaint fails to state a claim against it because Plaintiff cannot identify an LPD policy or custom that led to the constitutional violations he alleges. (ECF No. 11 at 7–11.) "To hold a municipality . . . liable for a constitutional violation under § 1983, the plaintiff must show that the execution of a policy or custom of the municipality caused the violation." *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 653 (4th Cir. 2017) (quoting *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004)). To withstand a motion to dismiss, the complaint must "identify" the policy or custom that resulted in the alleged violation of the plaintiff's rights. *Walker v. Prince George's Cty.*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Bd. of Cty. Com'rs v. Brown*, 520 U.S. 397, 403 (1997)). "A policy or custom . . . can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).

Plaintiff relies on the third and fourth of these theories. (ECF No. 18 at 6.) Specifically, the complaint alleges that LPD "fail[ed] to adequately train, supervise and discipline its police officers regarding lawful detention, the proper use of force, and . . . the requirement to provide immediate medical assistance to injured arrestees." (ECF No. 1 at 8.) These allegations are simply "a 'formulaic recitation' of one of the elements of [Plaintiff's] claims" and lack additional factual support. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 260 (4th Cir.

2009) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff further avers that LPD "[p]ermitt[ed] police officers to engage in law enforcement contacts without supervision" and "negligently retain[ed] officers previously accused of excessive force." (*Id.*) However, Plaintiff fails to explain the constitutional significance of "unsupervised" interaction with the public and how it led to the violations alleged in the complaint, and a law enforcement agency is clearly not required to dismiss every officer who is merely "accused" of excessive force. In short, nothing in the complaint suggests that previous incidents of misconduct occurred and were systematically encouraged or ignored. *See Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 402 (4th Cir. 2014) ("A plaintiff must point to a 'persistent and widespread practice[] of municipal officials,' the 'duration and frequency' of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their 'deliberate indifference.'").

Plaintiff argues that he will establish his claims through discovery. (ECF No. 18 at 6.) However, Plaintiff is not entitled to discovery on claims that are inadequately pled. *See Nemet Chevrolet*, 591 F.3d at 260 (citing *Iqbal*, 556 U.S. at 678–79). Instead, "the complaint must offer 'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). If during discovery on his other claims Plaintiff uncovers evidence of "'widespread or flagrant' violations," *Owens*, 767 F.3d at 403, he may move this Court to amend his complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) ("[T]hese are precisely the kinds of pleading deficiencies that amendment to the complaint could have cured, and . . . a dismissal without prejudice invites such an amendment." (emphasis deleted)); *Legg v. KLLM, Inc.*, No. 2:05-cv-00540, 2007 WL 1308974, at *2 (S.D.W. Va. May 3, 2007) ("Leave to amend may be permitted even after a motion to dismiss is granted if the party

7

against whom the dismissal is directed can correct the defective pleading."). Accordingly, LPD's motion to dismiss Plaintiff's municipal liability claim is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**.

In addition, Plaintiff's claims against Clemens, Tincher, and Conley in their official capacities are essentially claims against LPD. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 & n.8 (4th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). These claims are **DISMISSED** for the same reasons as those against LPD.

### 2. Failure to Provide Timely Medical Care

Clemens, Tincher, and Conley contend that Plaintiff's complaint fails to state a claim against them because it "does not assert factual allegations against any defendant that there was any actual delay in requesting medical assistance." (ECF No. 11 at 11.) They argue that "medical assistance was requested and provided [] in the form of the ambulance." (*Id.* at 11–12.) To the contrary, however, Plaintiff alleges that "[a]fter Defendant officers realized they may have killed or severely injured Plaintiff, [they] frantically attempted to devise a plan in which Plaintiff was at fault in causing his life-threatening injuries." (ECF No. 1 at 5.) Then, Plaintiff alleges, "Defendant officers placed Plaintiff in a squad car, called for an ambulance, drove Plaintiff around . . . for a few minutes[,] then returned to City Hall where the ambulance was waiting." (*Id.*) These allegations support an inference that the officers intentionally deprived Plaintiff of necessary medical care in order to further "their 'cover-up' plan" to hide the alleged beating. (*Id.*) This is sufficient to make out a due process claim[3] for a delay in medical treatment. *See Parrish* ex rel.

---

[3] "Because [Plaintiff] is a pretrial detainee, not a prisoner, the protections afforded by the Due Process Clause of the Fourteenth Amendment, and not those afforded by the Eighth Amendment, apply." *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Robles v. Prince George's Cty.*, 302 F.3d 262, 269 (4th Cir. 2002)). To the extent Plaintiff's claim for failure to provide medical treatment relies on the Eighth Amendment, rather than the Fourteenth Amendment, it is **DISMISSED WITH PREJUDICE**. In addition, "[t]he ninth amendment is not a recognized basis for a § 1983 claim." *Hardway* ex rel.

*Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (evaluating pretrial detainee's failure to provide medical care claim by determining whether "fail[ure] to attend to a detainee's serious medical needs . . . amounts to 'deliberate indifference'"); *id.* ("[D]eliberate indifference requires a showing that the defendants . . . *actually knew of* and *ignored* a detainee's serious need for medical care." (emphasis in original)). The motion to dismiss this claim is **DENIED**.

### 3. Plaintiff's Claims Against Clemens

Clemens asserts that the claims against him should be dismissed because Plaintiff fails to make specific allegations as to any defendant in his complaint. (ECF No. 11 at 6.) The complaint mentions Clemens only twice: once to explain that Clemens "is the chief of police of LPD," (ECF No. 1 at 3), and again to assert state-law claims for negligent hiring, negligent retention, negligent supervision, negligence, civil conspiracy, and outrage/intentional infliction of emotional distress against him, (*id.* at 9). There are no other facts or allegations about Clemens. To the extent that Plaintiff argues that he means to include Clemens within the allegations against "Defendant officers," (*see* ECF No. 18 at 5–6), that argument is belied by the fact that Clemens and "Defendant officers" are named separately in Count IV of the complaint, (ECF No. 1 at 9). In essence, Plaintiff does not even provide "a short and plain statement" of his claims against Clemens, let alone "further factual enhancement" of those claims. Fed. R. Civ. P. 8(a)(2); *McCleary-Evans*, 780 F.3d at 585 (citing *Iqbal*, 556 U.S. at 678). As such, Plaintiff's claims against Clemens are **DISMISSED WITHOUT PREJUDICE**.

---

*Hardway v. Lemmon*, No. 2:05-cv-00948, 2006 WL 8438638, at *3 (S.D.W. Va. Dec. 28, 2006). To the extent any of Plaintiff's § 1983 claims relies on the Ninth Amendment, the claim is **DISMISSED WITH PREJUDICE**.

### *4. State-Law Claims*

LPD contends that the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq.*, renders it immune from liability for Plaintiff's state-law claims. (ECF No. 11 at 13–15.) Specifically, LPD argues that Plaintiff's state-law claims against it derive from "the failure to provide, or the method of providing, police, law enforcement or fire protection," W. Va. Code § 29-12A-5(a)(5), and it is entitled to immunity from liability with respect to such claims. (ECF No. 11 at 13.) LPD also argues that it is immune from Plaintiff's claims because Plaintiff alleges "intentional malfeasance" by LPD employees. (*Id.* at 14–15 (citing *Zirkle v. Elkins Road Pub. Serv. Dist.*, 655 S.E.2d 155, 160 (W. Va. 2007) (per curiam)).) Plaintiff appears to concede this point, as he does not address it in his response in opposition to the motion to dismiss. (*See* ECF No. 18 at 14.) Accordingly, Plaintiff's state-law claims against LPD are **DISMISSED WITH PREJUDICE**. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (authorizing district court, after allowing plaintiff an opportunity to respond, to "rule on the [defendant's] motion and dismiss [the] suit on the uncontroverted bases asserted therein"); *Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D.W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 776 (D. Md. 2010) ("By her failure to respond to this argument, the plaintiff abandons any discriminatory discharge claim.").[4]

---

[4] Plaintiff's state-law civil conspiracy claim "requires an underlying tort or harm resulting from the conspiracy." *Jane Doe-1 v. Corp. of President of the Church of Jesus Christ of Latter-Day Saints*, 801 S.E.2d 443, 458 (W. Va. 2017). Because Plaintiff fails to establish an underlying tort against LPD, the civil conspiracy claim against LPD is **DISMISSED**. In addition, Plaintiff seemingly argues that he made a 42 U.S.C. § 1985 conspiracy claim. (*See* ECF No. 18 at 8–10.) However, the only conspiracy claims in the complaint fall under the "State Law Claims" heading. (ECF No. 1 at 9.) Plaintiff "cannot amend [his] complaint[] through briefing." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Tincher and Conley argue that they are immune from liability for Plaintiff's state-law "negligence" claims because Plaintiff alleges only intentional conduct. (ECF No. 11 at 14–15.)[5] Plaintiff agrees that he "has alleged Defendants acted maliciously and in bad faith in the scope of their employments." (ECF No. 18 at 14.) This is, of course, not negligence. *See Mandolidis v. Elkins Indus., Inc.*, 246 S.E.2d 907, 913–14 (W. Va. 1978) ("The law of this jurisdiction recognizes a distinction between negligence, including gross negligence, and wilful [sic], wanton, and reckless misconduct. The latter type of conduct requires a subjective realization of the risk of bodily injury created by the activity and as such *does not constitute any form of negligence*." (emphasis supplied)), *superseded by statute on other grounds*. Therefore, Plaintiff's negligence claims against Tincher and Conley are **DISMISSED WITH PREJUDICE** not because Tincher and Conley are statutorily immune but because Plaintiff alleges only that they "acted maliciously, recklessly, and/or in bad faith when they excessively beat him . . . and then . . . fail[ed] to provide timely medical care." (ECF No. 18 at 14.)

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Shepard and Tucker, (ECF No. 8), is **DENIED**. The motion to dismiss filed by LPD, Clemens, Tincher, and Conley, (ECF No. 10), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

---

[5] Plaintiff argues that LPD, Clemens, Tincher, and Conley are not entitled to qualified immunity with respect to his 42 U.S.C. § 1983 claims. (ECF No. 18 at 10–14.) LPD, Clemens, Tincher, and Conley do not assert qualified immunity as a basis for dismissal; indeed, they do not move to dismiss Plaintiff's § 1983 excessive force claim at all. (*See* ECF Nos. 11, 19.) Accordingly, this Court declines to address federal qualified immunity with respect to these Defendants at this time.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 18, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE