**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**FRANK MORGAN,**

        **Plaintiff/Counterclaim**
**Defendant**

**v.**
                                          **CIVIL ACTION NO.: 2:18-CV-01450**
                                          **HONORABLE   THOMAS   E.**
                                          **JOHNSTON**

**LOGAN COUNTY COMMISSION, et al.,**

        **Defendants/Counterclaim**
        **Plaintiffs.**

**<ins>DEFENDANTS'/COUNTERCLAIM PLAINTIFFS', CITY OF LOGAN/CITY</ins>**
**<ins>OF LOGAN POLICE DEPARTMENT, CHIEF P.D. CLEMENS OFFICER</ins>**
**<ins>J.D. TINCHER AND OFFICER KEVIN CONLEY, MOTION IN LIMINE TO EXCLUDE</ins>**
**<ins>ALL NON-DISCLOSED WITNESSES AND EVIDENCE</ins>**

      **COME NOW** the Defendants/Counterclaim Plaintiffs, City of Logan/City of Logan

Police Department, Chief P.D. Clemens, Officer J.D. Tincher and Officer Kevin Conley,

by counsel Wendy E. Greve, W. Austin Smith, and the law firm of Pullin, Fowler,

Flanagan, Brown & Poe PLLC, and respectfully move this Honorable Court <ins>in limine</ins> for

an Order excluding all witnesses and evidence that was not disclosed during discovery in

this matter.  In support of their Motion, the Defendants state as follows:

      Upon information and belief, Plaintiff may attempt to introduce witnesses or

evidence that was not disclosed during the discovery of this matter.

      Rule 26(e) of the *Federal Rules of Civil Procedure* states, in part:

        (1) In General. A party who has made a disclosure under Rule 26(a)-
        -or who has responded to an interrogatory, request for production, or
        request for admission--must supplement or correct its disclosure or
        response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

"Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment. The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." Id. "[I]nformation 'is incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." Sender v. Mann, 225 F.R.D. 645, 654 (D. Colo. 2004) (citations omitted).

In "determin[ing] whether a nondisclosure of evidence is substantially justified or harmless ..., a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Southern States Rack and Fixture, Inc., v. Sherwin-Williams Co., 318 F.3d 592 (4th.Cir. 2003).   Plaintiff has identified "[a]ny and all documentation concerning Plaintiff's damages" as a proposed exhibit. Cite to PTO.   The undersigned does not know what this consists of and cannot identify what, if anything, of that category has not been previously disclosed.

**WHEREFORE**, Defendants request this Court enter an Order precluding Plaintiff calling witnesses or introducing evidence that was not disclosed during discovery, and for any other relief this Court deems appropriate.

City of Logan/City of Logan Police
Department, Chief P. D. Clemens, Officer
J.D. Tincher, and Officer Kevin Conley
By Counsel,


*/s/ Wendy E. Greve*
Wendy E. Greve, WV State Bar No. 6599
W. Austin Smith, WV State Bar No. 13145

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**FRANK MORGAN,**

   **Plaintiff/Counterclaim**
   **Defendant.**

**v.**                                                    **CIVIL ACTION NO.: 2:18-CV-01450**
                                                          **HONORABLE   THOMAS   E.**
                                                          **JOHNSTON**

**LOGAN COUNTY COMMISSION, et al.,**

   **Defendants/Counterclaim**
   **Plaintiffs.**

## CERTIFICATE OF SERVICE

I hereby certify that on the **11ᵗʰ of February 2020,** I electronically filed the

foregoing ***Defendants'/Counter-Claim Plaintiffs', City of Logan/City of Logan Police***

***Department, Chief P.D. Clemens, Officer J.D. Tincher and Officer Kevin Conley,***

***Motion in Limine to Exclude All Non-Disclosed Witnesses and Evidence,*** with the

Clerk of the Court using the CM/ECF system which will send notification of such filing.

Kerry A. Nessel, Esquire
The Nessel Law Firm
519 1/2 8th Street
Huntington, WV  25701
*Counsel for Plaintiff*

Abraham J. Saad, Esq.
Saad Dixon Law Offices, PLLC
730 4th Avenue
P.O. Box 1638
Huntington, WV  25701
*Counsel for Plaintiff*

William E. Murray, Esq.
Anspach Law
900 Lee Street, East, Suite 1700
Charleston, WV  25301
*Counsel for Defendants Logan County Commission and Barry Mynes*


_/s/ Wendy E. Greve_
Wendy E. Greve, WV State Bar No. 6599
W. Austin Smith, WV State Bar No. 13145

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545