IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK MORGAN,
           Plaintiff,

v.                                                CIVIL ACTION NO.   2:18-cv-01450

LOGAN COUNTY COMMISSION,
*A West Virginia county government,* et al.,

           Defendants.

## SECOND AMENDED SCHEDULING ORDER

Based on the General Order #5 RE:   Court operations in light of the exigent circumstances presented by the COVID-19 pandemic, the Court **AMENDS** the scheduling order previously entered as follows:

1)    **Pretrial Conference**:   The pretrial conference shall be held on **June 25, 2020, at 2:00 p.m.**   Individuals with full authority to settle the case for each party shall be present **in person.**

2)    **Proposed Charges to the Jury**:   The original and one copy of proposed jury instructions, numbered and in charge form, on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, requested by counsel for submission to the jury, together with a verdict form, shall be exchanged by counsel and submitted to the presiding District Judge by **June 30, 2020**.   On that same date, the proposed jury instructions and verdict form shall also be submitted

1

to the presiding District Judge in Word compatible format or emailed to chambers according to instructions provided by the Court's law clerk.

Proposed jury instructions on substantive theories of liability, damages, defenses or evidentiary issues matters peculiar to the case, should include pertinent statutory, case or other authority.  Proposed instructions on generic matters, such as burden of proof, evidence and the duty of jurors, which would apply in any civil case, are unnecessary.  Further, instructions submitted with accompanying authority will generally be given greater consideration than those proposed without authority.

      3)    **<u>Exhibits and Objections to Exhibits:</u>**    On or before **June 22, 2020,** the plaintiff and the defendant shall each:

    a.    file a **LIST** of proposed exhibits with the Clerk of Court; and,

    b.    forward copies of the proposed exhibits to opposing counsel.

Objections to exhibits, **WITH THE STATED REASONS FOR THE OBJECTION AND THE EXHIBIT TO WHICH OBJECTION IS MADE ATTACHED**,[1] shall be filed on or before **June 29, 2020.**  Failure to comply with this paragraph may constitute a waiver of objections.

All exhibits shall be appropriately marked in numerical sequence (not lettered).  Exhibit markers may be secured from the Clerk.  **ORIGINAL EXHIBITS** shall be filed **AT THE TIME OF TRIAL AND SHOULD NOT BE FILED PRIOR TO TRIAL**.  If counsel desires each juror to have a binder of copies of exhibits to view as counsel examines witnesses, these should be prepared for presentation to each juror at the appropriate time but with the Court's permission.

---

[1] When a party objects to an exhibit which is voluminous in size, the party may refer to the exhibit by number and dispense with this requirement, as long as the Court has previously been provided with a copy of the relevant exhibit binder.

4) **Interrogatories and Depositions to be Used at Trial and Objections**: On or before **June 22, 2020,** the plaintiff shall file any interrogatories, answers thereto, depositions, etc., **specifying the appropriate portions thereto that the plaintiff intends to offer in this case**. The defendant shall do the same on or before **June 29, 2020.** Any objection to the introduction of any of the foregoing shall be filed in writing by the objecting party or parties no later than **July 1, 2020,** or such objection shall be deemed to have been waived. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

6) **Stipulation of Facts:** Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed and served upon opposing counsel by **June 22, 2020.**

7) **Final Settlement Conference**: A final settlement conference, attended by all unrepresented parties and by lead trial counsel for each represented party, shall be held on **June 25, 2020, at 2:00 p.m.** or as earlier directed by the Court. Individuals with full authority to settle the case for each party shall be present **in person.**

8) **Trial**: Trial of this action shall be held on **July 7, 2020, at 9:00 a.m.,** before the undersigned. Trial will commence upon completion of jury selection in any other case scheduled for this date. This case is presently the second case on the trial docket for that week.

9) **Failure to Appear or Negotiate**: Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required in the "Settlement Meeting" paragraph above, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required in the "Settlement Meeting" paragraph above, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Fed R Civ P Rule 16(f).

All proceedings shall be held by the Court at the Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Charleston West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     April 28, 2020

_____

THOMAS E. JOHNSTON, CHIEF JUDGE