**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**FRANK MORGAN,**

       **Plaintiff/Counterclaim**
       **Defendant**

**v.**                           **CIVIL ACTION NO.: 2:18-CV-01450**
                              **Honorable Thomas E. Johnston**

**DEPUTY BARRY MYNES, individually and**
**in his official capacity, OFFICER J.D.**
**TINCHER, individually and in his official**
**capacity; OFFICER KEVIN CONLEY,**
**individually and his official capacity,**

       **Defendants/Counterclaim**
       **Plaintiffs.**

**DEFENDANTS'/COUNTER-CLAIM PLAINTIFFS' RESPONSE**
**TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

    **NOW COME** the Defendants and Counter-Claim Plaintiffs, Officer J.D. Tincher and Officer Kevin Conley, by counsel Wendy E. Greve, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for their response to Plaintiff's Motion for Rule 11 Sanctions (ECF No. 180), and state as follows:

**ARGUMENT**

    Aside from inflammatory and hyperbolic language, Plaintiff's Motion for Sanctions has included no basis in a rule or law for the sanctions requested, or the information demanded of Defendants. Plaintiff merely continues to disingenuously claim that he was left in the dark about allegations filed in two publicly available civil actions. Plaintiff's arguments are nothing short of a thinly veiled attempt to harass and needlessly increase the cost of this litigation. Plaintiffs' request must be denied and sanctions against Plaintiffs are warranted

### A.     Plaintiffs' Request for Rule 11 Sanctions are Inapplicable to Discovery Disputes and Inappropriate in this Matter

Plaintiff's Motion for Rule 11 Sanctions must be denied as Rule 11, on its face, is inapplicable to the alleged issues Plaintiff presents regarding the Defendants Answers and Responses to Plaintiffs' discovery. Rule 11 plainly states that this rule "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." F.R.C.P. 11(d). Rather, Rule 11 governs the signing of pleadings, motions, and other papers.

Additionally, Plaintiff has failed to procedurally follow the mandates of the rule: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." F.R.C.P. 11(c)(2). "Failure to comply with these procedural requirements precludes the imposition of sanctions." Wolfe v. Bailey, 2017 U.S. Dist. LEXIS 90355, *9 (D. Md. 2017) (citing Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004)); see also TechINT Sols. Grp., LLC v. Sasnett, 2019 U.S. Dist. LEXIS 229609, at *3 (W.D.Va. 2019) (citing Brickwood Contractors, Inc. 369 F.3d at 389). As noted by the Fourth Circuit in Brickwood Contractors, "[i]t is clear from the language of the rule that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." 369 F.3d at 389 (citations omitted). Thus, when a "non-compliant motion … is filed with the court, the district court lacks authority to impose the requested sanctions." Id.

2

As noted above, Rule 11(c)(2) must be served upon counsel, but not filed or presented to the court before the expiration of the 21-day safe harbor provision.  That safe harbor provision is designed "to provide his adversary with notice and an opportunity to withdraw the offensive pleading prior to filing a motion for sanctions with the court." Sasnett, 2019 U.S. Dist. LEXIS 229609, at *3.

Plaintiff filed the instant motion in the early morning hours of the final day of a three-day trial without complying with the dictates of Rule 11.  At no time did Plaintiff ever even attempt to comply with the dictates of Rule 11 before filing the instant motion. This is in and of itself sufficient grounds to deny the motion.  Thus, because Plaintiff failed to follow the procedural requirements of Rule 11, his motion must be denied.

**B.**     **Even if Construed as a Rule 37 Motion, Plaintiff's Motion is Unfounded, and Sanctions are not available.**

To the extent that Plaintiff's Motion is construed as a Rule 37 motion for alleged discovery misconduct, *see*, Shulin v. Werner Enters., , 2017 U.S. Dist. LEXIS 232239, at *9-10 (N.D.W.Va. 2017) (finding that a Rule 11 motion concerning discovery issues "is a discovery request" and "[t]herefore, the sanctions motion is governed by Federal Rule of Civil Procedure 26."), his motion is unfounded and sanctions are not available.

The thrust of Plaintiff's is that Tincher and the undersigned failed to timely supplement discovery responses in violation of Rule 26(e)(1). ECF No. 180.  This is a quintessential discovery motion. Yet, nowhere in Plaintiff's motion does he even mention Rule 37.  Id.  The reason is simple.  Plaintiff did not comply with Rule 37's requirements either.

Rule 37 requires that a party seeking a motion to compel discovery must certify that he has conferred or attempted to confer in good faith prior to seeking court action.

F.R.C.P 37(a)(1).  Plaintiff has not done so here.  In fact, as noted above, Plaintiff does not even address Rule 37 even though his motion is seeking sanctions.

Further, the Local Rules impose a mandatory duty to confer prior to confer in person or by telephone prior to filing a discovery motion.  LR. Civ. P. 37.1(b). While The failure of counsel to make a telephone call or scheduling a face-to-face conference will not prevent a ruling on the motion to compel, in most cases that failure precludes an award of reasonable expenses. Westfield Ins. Co. v. Carpenter Reclamation, Inc., 301 F.R.D. 235, 245 (S.D.W.Va. 2014) (*citing* Frontier—Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 526 (S.D.W.Va. 2007) ("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making the motion, including attorney's fees.")).  Plaintiff did not attempt to confer either by phone or in person prior to filing his discovery motion.  Accordingly, Plaintiff's request for sanctions should be denied.

Moreover, the alleged failure to supplement with regard to information concerning the Meade and Fortune lawsuits was a simple oversight and harmless.  Plaintiff claims that had he known of the Fortune lawsuit; he would have filed a Rule 404(b) notice concerning Fortune's allegations.  ECF No 180.  This is unavailing.

Rule 404 generally precludes the introduction of character evidence or evidence of past wrongs or crimes.  Rule 404(a)(1) states: "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted

in accordance with the character or trait." Rule 404 applies in both civil and criminal cases. Huddleston v. U.S., 485 U.S. 681, 685 (1988).

Rule 404 prohibits the admission of evidence regarding a person's "character or character trait" in order "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Additionally, a litigant may not introduce "[e]vidence of a crime, wrong, or other act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

Courts that have considered similar issues have generally held that Rule 404 prohibits the introduction of the prior instances of uses of excessive force by law enforcement officers when the evidence is being introduced to raise the inference that the defendant acted in conformity with his or her past behavior. *See* Luka v. City of Orlando, 382 F. App'x 840, 842 (11th Cir. 2010) ("[The plaintiff] sought to establish liability on the part of [the defendant] by introducing this evidence to prove [the defendant] characteristically engaged in the use of excessive force and acted in conformity with that characteristic in this case. This is precisely the inference that Rule 404(b) will not allow."); *see also* Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) ("[The plaintiff] first contends that the prior complaints showed [the defendant's] 'sadistic,' 'malicious,' 'aggravated state of mind.' This proffer amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits-introducing evidence of bad acts to show the defendant's propensity to commit such acts."); Franklin v. Messmer, 111 F.App'x 386, 388 (6th Cir. 2004) ("As [the plaintiff] wanted to enter [the defendant's] prior conduct to demonstrate his underlying intent in arrests, i.e., his propensity for

5

excessive force, the evidence was properly excluded."); Bryant v. Serebrenik, 2017 WL 713897, at *3 (E.D.N.Y. Feb. 23, 2017) ("district courts in this circuit have excluded evidence of unsubstantiated civilian complaints offered under Rule 404(b)."); Jackson v. City of White Plains, 2016 U.S. Dist. LEXIS 6469 (S.D.N.Y. Jan. 19, 2016) (excluding evidence of the defendant's prior uses of force under Federal Rule of Evidence 404(b)); Zaken v. Kelley, 370 F. App'x 982, 985 (11th Cir. 2010) (affirming exclusion evidence of the defendants alleged use of force against others). Neither the conduct alleged by Tony Meade nor Travis Fortune falls within the permissible uses of Rule 404(b). Officer Tincher's conduct does not go to proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Plaintiff's prior Rule 404(b) notice was a blatant attempt to introduce highly prejudicial and irrelevant character information for which the only purpose was an attempt to show that Tincher had a characteristic of engaging in excessive force and that he acted in conformity with such a characteristic in this matter.

There are no claims for which Tincher's character would have been relevant. The Court previously dismissed Plaintiff's municipal liability claim, as well as his state-law claims against the City of Logan/Logan Police Department. ECF No. 29.

Accordingly, Plaintiff's attempt to show that he was prejudiced by the failure to identify the Fortune complaint for purposes of Rule 404(b) fails and his motion for sanctions should be denied.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants, Officer J.D. Tincher and Officer Kevin Conley, respectfully request that this Honorable Court deny Plaintiff's

Motion for Rule 11 Sanctions as procedurally improper and unfound.  To the extent that Plaintiff's motion for sanctions is construed as a Rule 37 Motion, the Defendants respectfully request that this Honorable Court deny the same as the alleged failure to supplement was harmless as Plaintiff only sought such information in an attempt to introduce irrelevant evidence during the trial of this matter.  Defendants request any and all other such further relief, including costs and attorneys' fees, whether legal or equitable in character, as to which they may be entitled and to which this Court deems just and proper.

Officer J.D. Tincher and Officer Kevin Conley
By Counsel,

*/s/ Wendy E. Greve*
Wendy E. Greve, WV State Bar No. 6599

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**FRANK MORGAN,**

       **Plaintiff/Counterclaim**
       **Defendant**

**v.**                                              **CIVIL ACTION NO.: 2:18-CV-01450**
                                                    **Honorable Thomas E. Johnston**

**DEPUTY BARRY MYNES, individually and**
**in his official capacity, OFFICER J.D.**
**TINCHER, individually and in his official**
**capacity; OFFICER KEVIN CONLEY,**
**individually and his official capacity,**

       **Defendants/Counterclaim**
       **Plaintiffs.**

## CERTIFICATE OF SERVICE

I hereby certify that on the **30th of July 2020,** I electronically filed the foregoing*,*

**DEFENDANTS'/COUNTER-CLAIM PLAINTIFFS' RESPONSE TO PLAINTIFF'S**

**MOTION FOR RULE 11 SANCTIONS** with the Clerk of the Court using the CM/ECF

system which will send notification of such filing. The same has also been hand-

delivered this day during trial.

| | |
|---|---|
| Kerry A. Nessel, Esquire | Abraham J. Saad, Esq. |
| The Nessel Law Firm | Saad Dixon Law Offices, PLLC |
| 519 1/2 8th Street | 730 4th Avenue |
| Huntington, WV  25701 | P.O. Box 1638 |
| *Counsel for Plaintiff* | Huntington, WV  25701 |
| | *Counsel for Plaintiff* |

William E. Murray, Esq.
Anspach Law
900 Lee Street, East, Suite 1700
Charleston, WV  25301
*Counsel for Defendant Deputy Barry Mynes*

8

_/s/ **Wendy E. Greve**_

Wendy E. Greve, WV State Bar No. 6599