**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

FRANK MORGAN,

                Plaintiff,

v.                                CIVIL ACTION NO.  2:18-cv-01450

JOSHUA "J.D." TINCHER AND
KEVIN CONLEY

                Defendants.

## FINAL CIVIL JURY INSTRUCTIONS

Now that you have heard all of the evidence and the closing statements of counsel, it is my job as judge to tell you about the laws that apply to this case.  As jurors, you have two jobs:  First, you must determine from the evidence the facts of this case.  Then you must apply the rules of law that I will give you to those facts in order to determine whether the Plaintiff Frank Morgan is entitled to recover from the Defendants Joshua "J.D." Tincher and Kevin Conley on Plaintiff's excessive force, failure to render medical care, assault, battery, and outrage claims and what damages, if any, the Plaintiff is entitled to recover. You must also determine what damages, if any, counterclaimant J.D. Tincher is entitled to recover on his assault and battery claim from Plaintiff Frank Morgan.

1

It is your duty as jurors to follow the law as stated in the Court's instructions and to apply these rules of law to the facts as you find them from the evidence in the case.

I will permit you to take a copy of these instructions with you to the jury room. However, you must not single out any one instruction alone as stating the law but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what you believe the law ought to be, it would be a violation of your sworn duty as a juror to base your verdict upon any other view of the law than that given in the instructions; just as you realize it would be a violation of your sworn duty, as judges of the facts of this case, to base your verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all of the jurors; and to arrive at a verdict by applying the same rules of law, as given in the Court's instructions.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the Plaintiff and the answers thereto of the Defendants.  You must perform your duty without any bias or prejudice as to

any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court's instructions, and then reach a just verdict, regardless of the consequences.

The burden is on the party asserting a claim in a civil action, such as this, to prove every essential element as to each claim by a preponderance of the evidence. So, if the proof should fail to establish any essential element of one or more of the claims by a preponderance of the evidence in the case, or if the proof is evenly balanced, then that party failed to meet his burden of proof as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.

As I mentioned at the start of this trial, there are, generally speaking, two types of evidence from which you, the jury, may properly find the truth as to the facts of the case. One is direct evidence—such as the testimony of an eyewitness. The other

is indirect or circumstantial evidence—proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all of the evidence in the case, both direct and circumstantial.

Statements and arguments of counsel are not evidence in the case. If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. While counsel may state, during closing argument, his or her opinion as to what the amount of the verdict should be, you are instructed that any dollar figures mentioned by counsel do not constitute evidence but merely represent argument which you may consider or disregard in your deliberations.

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them. Any evidence to which an objection was sustained by the Court during the course of trial, and any evidence ordered stricken by the Court, must be entirely disregarded by you in your deliberations.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded by you.

You are to consider only the evidence in the case, but in your consideration of the evidence, you are not limited to the mere statements of the witnesses. In other words, you are not limited solely to what you have seen and heard as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience.

An inference is a deduction or conclusion which reason and common sense lead the jury to draw from the facts which have been established from the evidence in the case.

You, as jurors in this case, are the sole judges of the credibility of the witnesses, and the weight and value their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony of the witness.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, and state of mind, demeanor and manner while on the stand. Consider each

witness' ability to observe the matters to which the witness has testified, and whether each witness impresses you as having an accurate recollection of these matters. Consider also any relation the witness may bear to either side of the case. Consider the manner in which each witness might be affected by the verdict, if at all, and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you as jurors to discredit the witness' testimony. Two or more persons witnessing an incident or transaction may see it or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance, or an unimportant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You have heard expert witness testimony in this case by Samuel D. Faulkner. An expert witness is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept an expert witness' testimony merely because he or she is an expert, nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

A witness, whether or not a party, may be discredited, or impeached, by contradictory evidence or by evidence that at other times the witness may have made statements which are inconsistent with the witness' testimony.

If you believe a witness has been impeached, or if a witness has been shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in all other particulars; and you may reject all the testimony of that witness or give it just such credibility as you may think it deserves. After making your own judgment, you will then give the testimony of each witness in this case just such weight, if any, as you think it deserves.

The fact that a witness may be a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or

lesser weight than that of any ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find that it deserves.

I will now instruct you on the law applicable to the Plaintiff's claims.

**Excessive Force/Section 1983 Claim**

Plaintiff alleges Defendant Joshua ("J.D.") Tincher used excessive force at City Hall against Plaintiff in violation of the Fourth Amendment of the United States Constitution. You must only consider whether Defendant J.D. Tincher used excessive force at City Hall. You may not consider the force used by Defendant J.D. Tincher on Stratton Street during the course of the arrest.

Plaintiff must prove by the preponderance of the evidence the following two elements:

**FIRST:** A Defendant acted under color of state law.

**SECOND:** A Defendant used unreasonable force against Plaintiff.

For the first element, I will now give you more details on what constitutes an action under state law. I instruct you that, since Defendant Joshua "J.D." Tincher was an official of the City of Logan Police Department at the time of the acts in question, he was acting under color of state law.  In other words, this element of

Plaintiff's claim is not in dispute, and you may therefore find that this element has been established.

The second element of Plaintiff's claim is that Defendant J.D. Tincher used unreasonable or excessive force against Plaintiff Frank Morgan. The Fourth Amendment to the United States Constitution protects a person from being subjected to excessive force while being arrested and/or stopped by police. In making a lawful arrest, the law allows a police officer to use such force as is necessary under the circumstances to make the arrest. Whether or not the force used in making the arrest was reasonable or unreasonable is a question to be determined by you considering all relevant facts and circumstances leading up to the time of the stop and arrest. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.

In determining whether excessive force was used on Plaintiff, you should consider the following, and any other facts as warranted by the evidence:

1.  The severity of the crime at issue;

2.  Whether Plaintiff posed an immediate threat to the safety of the Defendant Tincher;

3. Whether Plaintiff was actively resisting arrest or attempting to evade arrest;

4. The extent of the injury suffered by Plaintiff;

5. The duration of Defendant Tincher's actions;

6. The number of persons with whom Defendant Tincher had to contend;

7. The relationship between the need and the amount of force used;

8. The threat reasonably perceived by the Defendant Tincher; and

9.  Whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.

You must decide whether Defendant Tincher's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation in circumstances that are sometimes tense, uncertain, and rapidly evolving.

You must make this decision based on what the officer knew at the time of

the use of force, not based on matters learned after the use of force. In deciding whether Defendant Tincher's use of force was unreasonable, you must not consider whether Defendant Tincher's intentions were good or bad.

If a Plaintiff fails to prove either of these elements with respect to an excessive force claim against Defendant Tincher, you may find for Defendant Tincher.

### Failure to Provide Medical Care

To succeed on a claim of failure to provide medical attention against Defendants Joshua "J.D." Tincher and Kevin Conley, Plaintiff must prove each of the following elements by a preponderance of the evidence:

**FIRST:**   A Defendant acted under color of law

**SECOND:**   Frank Morgan needed medical care;

**THIRD:**   A Defendant was deliberately indifferent to Frank Morgan's serious medical need; and

**FOURTH:** A failure to provide medical attention by a Defendant caused harm to Frank Morgan.

Deliberate indifference is a very high standard—a showing of mere negligence will not meet it. When I use the term "deliberately indifferent," I mean that a Defendant actually knew of a substantial risk of serious harm, and that a Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether a Defendant failed to take reasonable measures,

you may consider whether it was practical for him to take corrective action. If a Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Frank Morgan was ultimately harmed.

If a Plaintiff fails to prove any of these elements with respect to a failure to render medical aid claim against a Defendant, you may find for the Defendant.

### Tort of Outrage/Intentional Infliction of Emotional Distress

Plaintiff alleges Defendants Joshua "J.D." Tincher and Kevin Conley caused Plaintiff Frank Morgan to suffer from the intentional infliction of emotional distress. You may determine that a Defendant's actions caused the intentional infliction of emotional distress during the course of the arrest at Stratton Street or at City Hall or at both places. To prove a claim for intentional infliction of emotional distress, the Plaintiff must prove the following elements by a preponderance of the evidence:

> **FIRST:** That a Defendant's conduct was terrible, intolerable, and so extreme and outrageous as to exceed the bounds of decency;

> **SECOND:** That a Defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct;

> **THIRD:** That the actions of a Defendant caused the Plaintiff to suffer emotional distress; and

**FOURTH:** That the emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

Liability may only be found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

If a Plaintiff fails to prove any of these elements with respect to an intentional infliction of emotional distress claim against a Defendant, you may find for the Defendant.

**Battery**

Plaintiff is alleging that Defendants Joshua "J.D." Tincher and Kevin Conley committed battery against him. You may determine that Defendant Joshua "J.D." Tincher committed battery during the course of the arrest on Stratton Street or at City Hall or at both places. You must only consider whether Defendant Kevin Conley committed battery during the course of the arrest on Stratton Street. You may not consider Defendant Kevin Conley's actions at City Hall with regard to battery.

Defendants Joshua "J.D." Tincher and Kevin Conley are subject to liability to Plaintiff for battery if two elements are proven by the Plaintiff by the preponderance of the evidence:

**FIRST:** A Defendant acted intending to cause a harmful or offensive contact with the person of Plaintiff, or an imminent apprehension of such a contact; and

**SECOND:** A harmful contact with the person of the Plaintiff directly or indirectly results.

Lawful seizures, including arrests, are excluded from the scope of battery. A police officer is allowed to use force so long as the force is not excessive.

If a Plaintiff fails to prove either of these elements with respect to a battery claim against a Defendant, you may find for the Defendant.

**Assault**

Plaintiff is alleging that Defendants Joshua "J.D." Tincher and Kevin Conley committed assault against him.  You may determine that Defendant Joshua "J.D." Tincher committed assault during the course of the arrest on Stratton Street or at City Hall or at both places. You must only consider whether Defendant Kevin Conley committed assault during the course of the arrest on Stratton Street. You may not consider Defendant Kevin Conley's actions at City Hall with regard to assault. Plaintiff Frank Morgan must prove each of the following two elements by a preponderance of the evidence:

**FIRST:** A Defendant acted intending to cause a harmful or offensive contact with the Plaintiff's body, or acted intending to cause an imminent apprehension of such contact; and

**SECOND:** That the Plaintiff was actually was put in such imminent apprehension of harmful or offensive contact, such that he believed a threat or feared that it was imminent that the Defendant would carry out such a threat.

Assault may be committed without actually touching or striking or doing harm to the body of another person. Lawful seizures, including arrests, are excluded from the scope of assault. A police officer is allowed to use force so long as the force is not excessive.

If a Plaintiff fails to prove either of these elements with respect to an assault claim against a Defendant, you may find for the Defendant.

**Counterclaimant's Assault and Battery**

The Court has already determined that Plaintiff Frank Morgan committed assualt and battery against Counterclaimant Joshua "J.D." Tincher. It is now your job to determine what damages, if any, J.D. Tincher should be awarded.

**Battery on a Peace Officer**

Plaintiff plead guilty to battery on a peace officer, a crime which includes, in part, the following elements: unlawfully, knowingly and intentionally making physical contact of an insulting or provoking nature with a law-enforcement officer acting in his official capacity and the person committing the battery knows or has reason to know that the officer is acting in his official capacity or the person unlawfully and intentionally causes physical harm to that officer acting in his official capacity and the person committing the battery knows or has reason to know that the officer is acting in his official capacity.

**Obstructing a Police Officer**

Plaintiff plead guilty to obstructing a police officer, a crime which includes, in part, the following elements: one who by threats, menaces, acts or otherwise, forcibly or illegally hinders or obstructs, or attempts to hinder or obstruct, any law-enforcement officer.

**Disorderly Conduct**

Plaintiff plead guilty to disorderly conduct, the elements of which include: any person who, in a public place disturbs the peace of others by violent, profane, indecent or boisterous conduct or language or by the making of unreasonably loud noise that is intended to cause annoyance or alarm to another person, and who persists in such conduct after being requested to desist by a law-enforcement officer.

16

**Damages**

I am now going to instruct you on the law of damages. The mere fact that I have given you instructions on the law of the recoverability of damages does not imply or suggest that the Court believes that any damages are due. Whether or not damages are due is for you alone to decide. Instructions as to the measure of damages are only given for your guidance, in the event that you should find in favor of the Plaintiff from a preponderance of evidence in the case.

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a Defendant's violation of a Plaintiff's rights. If you find that a Defendant is liable on any of the claims, as I have explained them, then you must award sufficient damages to compensate the Plaintiff for any injury proximately caused by the Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole—that is, to compensate them for the damage suffered. You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of each of the Plaintiff's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize any Defendant. You should not award compensatory

17

damages for speculative injuries, but only for injuries that a Plaintiff has actually suffered.

Compensatory damages are not limited merely to actual loss of money. A prevailing Plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a Defendant's conduct.

The elements of damages that you may consider are the following:

**Pain and suffering**: If you find that any Plaintiff is entitled to a verdict, in arriving at the amount of the award, you may include a sum that will reasonably compensate him for any pain, suffering, and mental anguish suffered by him as a proximate result of any Defendant's conduct.

If you award a Plaintiff compensatory damages for physical injuries, you may also award that Plaintiff damages for mental and emotional distress to the extent that he proves these damages by a preponderance of the evidence.

**Mental anguish**: As the term mental anguish is used in these instructions, it means any mental suffering or emotional distress as distinguished from physical pain and suffering. This term can include such mental states as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal. It is not necessary that any witness should have

expressed an opinion as to the amount of damages for mental and emotional suffering. Rather, you should make such appraisal of the damages as from the facts and circumstances in evidence, and by considering them in connection with your own knowledge and experience as you may deem appropriate. As for mental and emotional suffering the law prescribes no definite measure of damages, but rather leaves such damages to be fixed by you, as your discretion dictates, and as under all circumstances may be fair, just and reasonable.

If you determine by a preponderance of the evidence that Plaintiff suffered mental or emotional anguish as defined by any one of the aforementioned mental states, and that this condition was proximately caused by any Defendant then you may award that Plaintiff damages in an amount you deem just and proper.

If you should find that any Plaintiff is entitled to a verdict, you may award only such damages as will reasonably compensate him for any damages of emotional distress as you find, from a preponderance of the evidence, has been sustained.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In awarding

compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.

**Punitive Damages**

If you choose to award compensatory damages, regardless of the amount, the law permits you, under certain circumstances, to award the injured person punitive damages in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct. The purpose of punitive damages is not to compensate the plaintiff for any injury, but to punish the defendant and to protect the public by deterring the defendant and others from committing such wrongs in the future.

If punitive damages are to be awarded, then you may consider the character and degree of the wrong as shown by the evidence and the necessity of preventing similar wrongs. Whether to make any award of punitive and exemplary damages, in addition to compensatory damages, is a matter which rests exclusively within the discretion of the jury.

On the Plaintiff's Section 1983 claims, punitive damages may be awarded by you only if a Defendant acted with evil motive or intent, or with reckless or callous indifference to the Plaintiff's federally protected rights. On the Plaintiff's assault and battery claims, punitive damages may be awarded by you only if a Defendant acted

maliciously, oppressively, wantonly, willfully, recklessly, or with criminal indifference to civil obligations.

If you award punitive damages, the amount of such damages should not be excessive nor awarded because of sympathy, bias or prejudice.  Such damages must be fixed with calm discretion and sound reason.

In determining the amount of punitive damages to be awarded, you may consider several factors.  First, punitive damages should bear a reasonable relationship to the harm that is likely to occur from a Defendant's conduct, as well as the harm that has actually occurred.  If a Defendant's actions caused or would likely cause only slight harm, the damages should be relatively small.  If the harm is grievous, the damages should be greater.  Second, you may consider the reprehensibility of a Defendant's conduct, taking into account how long the Defendant continued with the actions, whether the Defendant was aware his actions were causing harm or were likely to cause harm, and whether the Defendant engaged in similar conduct in the past.  You may also consider the extent of the harm inflicted and any mitigating circumstances which may operate to reduce the amount of the damages.

In awarding punitive damages against a particular Defendant, the financial position of that Defendant is relevant.   Punitive damages should not be

disproportionate to a person's ability to pay, as the object of any punitive damage award is not to drive a defendant into bankruptcy.  On the other hand, a Defendant who has not committed a heinous act should not be saddled with a large award merely because it has the ability pay.

Finally, if the damages paid in compensation to any Plaintiff for his losses, if any, are sufficient to operate as a punishment and a warning to others, then you are not authorized to enter an award of punitive damages against the Defendant and thereby subject the Defendant to double punishment for the same wrong.

Again, the mere fact that the Court has instructed you on the issue of damages does not mean that you are required or encouraged to return a verdict in favor of any Plaintiff.  The burden is on a Plaintiff to prove by a preponderance of the evidence that any injury complained of was proximately caused by a Defendant's actions as shown by the evidence.

**Closing Instructions**

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

Some of you have taken notes during the course of this trial.  Notes are only an aid to memory and should not be given precedence over your independent

22

recollection of the facts.  A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

As you have noticed, we have an official court reporter making a record of the trial.  However, as I mentioned earlier, we will not have typewritten transcripts of this record available for use in reaching your decision in this case.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  You must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest in serving as jurors in this case is to seek the truth from the evidence in the case.

Upon retiring to the jury room, select one of your numbers to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson complete this form by answering the questions under the written instructions on the verdict form and then stating the verdict upon which you unanimously agree. The foreperson will then sign and date the form and the jury will then return with your verdict to the courtroom.

This form of verdict has been prepared for your convenience. **[Review verdict form.]**

If you should desire to communicate with the Court at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.