1

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
_____x
                              :
FRANK MORGAN,                 :    Civil Action
                              :
           Plaintiff,         :    No.  2:18-cv-01450
                              :
v.                            :
                              :    Date:  July 29, 2020
LOGAN COUNTY COMMISSION,      :
et al.,                       :
                              :
           Defendants.        :
_____x
         PARTIAL TRANSCRIPT OF MOTION MADE
              DURING JURY TRIAL HELD
   BEFORE THE HONORABLE THOMAS E. JOHNSTON, CHIEF JUDGE
             UNITED STATES DISTRICT COURT
             IN CHARLESTON, WEST VIRGINIA

APPEARANCES:
For the Plaintiff:
                         KERRY A. NESSEL, ESQ.
                         The Nessel Law Firm
                         519-1/2 Eighth Street
                         Huntington, WV 25701

                         ABRAHAM J. SAAD, ESQ.
                         Saad Law Office
                         P. O. Box 1638
                         Huntington, WV 25717-1638

For the Defendants:
                         WILLIAM E. MURRAY, ESQ.
                         Anspach Meeks Ellenberger
                         Suite 1700
                         900 Lee Street East
                         Charleston, WV 25301

                         WENDY E. GREVE, ESQ.
                         Pullin Fowler Flanagan Brown &
                         Poe
                         901 Quarrier Street
                         Charleston, WV 25301

Court Reporter:          Ayme Cochran, RMR, CRR
Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

*Ayme A. Cochran, RMR, CRR (304) 347-3128*

1　　　　　(Prior proceedings preceded the following portion.)

2　　　　　　　MR. NESSEL: Your Honor, I hate -- I just found
3　out moments ago, if I may, that there's another lawsuit in
4　this very courtroom against this same defendant who broke
5　somebody's jaw and Ms. Greve did not even supply us with
6　this information. Pursuant to Federal Rules of 26, she is
7　supposed to give us this information about not prior bad
8　acts, bad acts period, regarding 404(b). This guy allegedly
9　broke somebody's jaw.

10　　　　　　　THE COURT: Which guy?

11　　　　　　　MR. NESSEL: Fortune.

12　　　　　　　THE COURT: No, no, which defendant?

13　　　　　　　MR. NESSEL: Tincher. I'm sorry, Your Honor. I
14　beg your pardon. I'm a little -- I'll try to -- I'll calm
15　down.

16　　　　This is evidence. She's filed a -- she's filed a
17　responsive pleading to the matter. She's counsel of record
18　representing Tincher in that matter. She filed a responsive
19　pleading, motion to dismiss. She knew about this when she
20　filed. She still had a duty to disclose this information to
21　us.

22　　　　The complaint was filed two months and nine days ago.
23　The incident occurred in September of 19 -- or excuse me --
24　2019. Pursuant to the rules, she had to let us know about
25　this. She didn't. It's not a prior bad act. Just other

1  similar matters.
2       It doesn't have -- I need to bring that to the Court's
3  attention because I think Tincher needs to get up there and
4  answer some questions.  Thank you.
5            THE COURT:  Ms. Greve?
6            MS. GREVE:  Your Honor, I'm not aware of what rule
7  that Mr. Nessel is talking about.  My client has been sued
8  after this lawsuit.  I don't understand -- for an incident
9  that occurred after that lawsuit.  I don't understand.
10           THE COURT:  Was it requested in discovery?
11           MS. GREVE:  No.  This incident, and we can pull up
12 the -- I have documented through numerous motions about what
13 the discovery requests were, the timing of discovery and
14 what the actual questions were.  We did not have the
15 lawsuit, which is the Fortune lawsuit.  Plaintiff's counsel
16 is here.  We did not have that.  That -- I objected here.
17           THE COURT:  Are you representing Mr. Tincher in
18 that matter?
19           MS. GREVE:  Yes, I am.
20           THE COURT:  Well, obviously, that was filed
21 probably after the close of discovery in this case.  Well,
22 don't give me that look because you have a duty to
23 supplement, okay?  So, but I'm not going to -- you know
24 what?  We're not going to stop this trial right now because
25 of this.  We're going to continue on.

1    Mr. -- Mr. Nessel, if you made a request and she failed
2    to disclose this, we -- the Court will take that under
3    consideration and take appropriate action, but there's
4    nothing we can do about it today.
5            MR. NESSEL: Thank you, sir. Just wanted get that
6    on the record and everybody know. I make my request. Thank
7    you.
8            MS. GREVE: And there was a response filed to the
9    notice that Mr. Nessel filed for 404(b) evidence. In that
10   response that I filed, I set out the timing of discovery and
11   I also set out what the interrogatories were. And so --
12           THE COURT: The notice of 404(b) that he filed was
13   with regard to the matters that he intended to present as
14   404(b) matters at this trial. If he didn't know about this,
15   he couldn't put it in his notice. So, that doesn't get you
16   anywhere.
17           MS. GREVE: That was the -- this is why -- it is
18   the same thing because Kerry Nessel complained in that in
19   which he filed that I didn't disclose to him about Tony
20   Meade. And so, it is -- it's the same argument from
21   plaintiff's counsel and it's the same response from defense
22   counsel with the exception of the date. There was no
23   limitation in the discovery request on date and I objected.
24   I did disclose the Tony Meade incident because that was not
25   something I objected to from a chronological standpoint.

1          There was never a motion to compel.  There was never a
2    phone call from Kerry Nessel about, hey, Wendy, what --
3              THE COURT:  Listen, listen, we're not going to
4    litigate this today.
5              MR. NESSEL:  Thank you, Your Honor.
6              THE COURT:  I know how the game is played.  You
7    assert a broad objection and then you throw out a little bit
8    of information and it completely throws counsel off because
9    then they don't know -- they don't know what they don't
10   know.  I get that.  I understand how this works.  I've been
11   around this block.  But we're not going to deal with it
12   today.
13         This might not go well for you if he can demonstrate
14   that he requested this information and you didn't provide
15   it.  You're on notice of that.  But we're not going to deal
16   with it today.
17             MR. NESSEL:  Thank you.  And I have nothing else
18   to say.
19             MS. GREVE:  Thank you, Your Honor.
20             THE COURT:  Alright.  Let's bring the jury in and
21   try to make some progress.
22         (Jury returned to open court.)
23         (Conclusion of transcript portion; further proceedings
24   held.)
25

```
1    CERTIFICATION:
2         I, Ayme A. Cochran, Official Court Reporter, certify
3    that the foregoing is a correct transcript from the record
4    of proceedings in the matter of Frank Morgan,
5    Plaintiff/Counterclaim Defendant v. Logan County Commission,
6    et al., Defendants/Counterclaim Plaintiffs, Civil Action No.
7    2:18-cv-01450, as reported on July 29, 2020.
8
9    s/Ayme A. Cochran, RMR, CRR                  October 21, 2020
10   Ayme A. Cochran, RMR, CRR                              DATE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*Ayme A. Cochran, RMR, CRR (304) 347-3128*