IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK MORGAN,

                Plaintiff,

v.                                                                                      CIVIL ACTION NO.   2:18-cv-01450

LOGAN COUNTY COMMISSION,
*A West Virginia county government,* et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Frank Morgan's ("Plaintiff") Motion for Rule 11 Sanctions.[1] (ECF No. 180.) For the reasons discussed more fully below, the Court **DENIES** Plaintiff's Motion.

*I.   BACKGROUND*

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and West Virginia state law, alleging that he suffered serious injuries after he was beaten by police officers in Logan County, West Virginia, on April 20, 2018. (ECF No. 1 at 1, 4.) After a four–day trial, a jury returned a verdict for Defendants J.D. Tincher ("Tincher") and Kevin Conley and found they were not liable to Plaintiff for any of his remaining claims. (ECF No. 190.)

---

[1] Also pending is Defendants J.D. Tincher and Kevin Conley's Motion for Leave. (ECF No. 196.) Defendants move to file both a supplemental response, (ECF No. 196–1), and a sur–reply, (ECF No. 196–2), to Plaintiff's pending motion for sanctions. For good cause shown, the Court **GRANTS** Defendants' motion.

On July 29, 2020, during the trial of this case, Plaintiff's counsel first learned of *Fortune v. City of Logan*, No. 2:20-cv-00339 (S.D. W. Va. filed May 14, 2020), which is an additional civil lawsuit pending against Tincher. (ECF No. 180 at 1–2.) Plaintiff alleges that this action was not disclosed during discovery. (*Id.*) Tincher is represented by the same counsel in both this case and the undisclosed lawsuit, and Plaintiff alleges he learned of this additional lawsuit, not from Defendant's counsel, but from the attorney representing the plaintiff in the undisclosed lawsuit. (*Id.* at 2.)

In *Fortune v. City of Logan*, Plaintiff Travis Fortune ("Fortune") alleges he was walking on the railroad tracks with another individual in downtown Logan, West Virginia, when they were stopped by Tincher. (ECF No. 180–1 at 2–3, ¶ 10.) Tincher told Fortune that there was a report of someone overdosing on heroin and ordered the men to drop their backpacks. (*Id.* at 3, ¶ 11.) Tincher searched the backpacks, found drug paraphernalia, and became angry at Fortune's response to Tincher's questioning. (*Id.* ¶ 16.) Fortune further alleges that Tincher struck Fortune in the face, without warning or provocation, and then got on top of him and beat him until he was bloody. (*Id.* at 3, ¶¶ 18–19.) After being taken to the station, Fortune alleges Tincher beat him while he was handcuffed. (*Id.* at 4, ¶ 28.) Fortune alleges his injuries were so severe that he required multiple surgeries to screw his jaw together. (*Id.* at 6–7, ¶¶ 44–48.)

In addition, Plaintiff alleges Tincher filed his Certificate of Service for his discovery responses on November 14, 2019. (ECF No. 54.) Plaintiff further alleges that Tincher's response did not disclose any documents or information relating to this lawsuit, and Tincher did not supplement his discovery responses to disclose the *Fortune* case. (ECF No. 180 at 4.)

2

On July 30, 2020, Plaintiff filed his Motion for Rule 11 Sanctions. (ECF No. 180.) Defendants timely responded, (ECF No. 183), and Plaintiff timely replied, (ECF No. 195). Defendants also filed a supplemental response, (ECF No. 196–1), and a sur–reply, (ECF No. 196–2). As such, this motion is fully briefed and ripe for adjudication.

## II. DISCUSSION

Plaintiff moves for sanctions against Defendant Tincher for his failure to disclose discovery under Rule 11 of the Federal Rules of Civil Procedure. However, Rule 11 is inapplicable here. Rule 11 specifically governs the signing of documents, representations to the court, and provides sanctions for making improper representations to the court. Further, Rule 11 plainly states "[t]his rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). After Defendant raised this argument in response, Plaintiff conceded that Rule 37, not Rule 11, is the proper rule here. (ECF No. 195 at 3.) Plaintiff refers to this mistake as a "distinction without a difference." (*Id.*) However, as Plaintiff argues in his own motion, parties are not permitted to blatantly disregard the Federal Rules of Civil Procedure and must comply with their requirements, which includes moving under the correct Federal Rule. Rule 11 does not apply here, and a simple reading of the rule makes that obvious. Despite Plaintiff's error, the Court will construe this as a motion under Rule 37(c)(1) for failure to disclose or supplement discovery.

Considering the facts alleged here, both Federal Rule 37 and Rule 26 are applicable here. Rule 26(e) of the Federal Rules of Civil Procedure requires a party to supplement discovery disclosures or responses to interrogatories in a timely manner if the party learns that the disclosure or response is incomplete or incorrect or if the pertinent, additional information has not been

3

provided to the other parties in other means during discovery. Further, Rule 37 provides the remedy for a party's failure to disclose or supplement earlier responses. Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court . . . (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A–C).

Here, Plaintiff broadly moves for sanctions against Tincher for his failure to disclose the *Fortune* lawsuit.[2] Defendant does not dispute that he failed to disclose the *Fortune* lawsuit, despite being represented by the same counsel. However, from a review of the docket, it appears Plaintiff only served Tincher with one set of interrogatories and that interrogatory was served after the close of discovery. Specifically, on October 14, 2019, Plaintiff filed a certificate of service for his first and only set of interrogatories directed to Tincher. (ECF No. 52.) Under the Scheduling Order in place at that time, all discovery requests were required to be served by October 4, 2019. (ECF No. 21.) Thus, Plaintiff's request was improper because it was served over one

---

[2] Plaintiff also appears to seek sanctions for Defendant's failure to disclose an additional lawsuit filed against Tincher. In *Meade v. Mayes*, No. 2:19-cv-00647 (S.D. W. Va. filed Sept. 9, 2019), plaintiff Tony Meade filed a § 1983 lawsuit against Tincher for his actions as a law enforcement officer. Plaintiff has provided limited information about the *Meade* lawsuit. Plaintiff argues that Defendant only "briefly" mentioned Meade and failed to disclose that Tincher was a defendant in that case as well, despite also being represented by the same counsel. (ECF No. 180 at 5.) However, Plaintiff called Meade as a witness during the trial of this case and appears to have suffered no prejudice from this alleged failure to disclose. Further, Rule 26(e)(1)(A) does not require a party to supplement responses when the information has been otherwise made known during the discovery process. Due to the limited information provided by Plaintiff, it is not clear how he learned of the *Meade* lawsuit. However, because Plaintiff was able to call Meade as a witness at trial, it appears he learned the information somehow during discovery. Accordingly, the Court will not impose sanctions for Defendant's failure to disclose the *Meade* lawsuit.

week after the close of the discovery deadline. While Defendant did have a duty to supplement the responses to his interrogatories when he later learned of the *Fortune* lawsuit, the interrogatory in question was improperly served. Accordingly, the Court will not sanction Defendant for his actions when Plaintiff himself also violated the Federal Rules in his disregard of the discovery deadline. Accordingly, Plaintiff's motion for sanctions is denied.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 25, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE