IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK MORGAN,

                Plaintiff,

v.                                  CIVIL ACTION NO.  2:18-cv-01450

LOGAN COUNTY COMMISSION,
*A West Virginia county government,* et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Frank Morgan's ("Plaintiff") Rule 60(b) Motion for Relief from Judgment. (ECF No. 198.) For the reasons discussed more fully below, the Court **DENIES** Plaintiff's Motion.

### I.    BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and West Virginia state law, alleging that he suffered serious injuries after he was beaten by police officers in Logan County, West Virginia, on April 20, 2018. (ECF No. 1 at 1, 4.) After a four–day trial, a jury returned a verdict for Defendants J.D. Tincher ("Tincher") and Kevin Conley and found they were not liable to Plaintiff for any of his remaining claims. (ECF No. 190.)

On July 29, 2020, during the trial of this case, Plaintiff's counsel first learned of *Fortune v. City of Logan*, No. 2:20-cv-00339 (S.D. W. Va. filed May 14, 2020), which is an additional civil lawsuit pending against Tincher. (ECF No. 180 at 1–2.) This lawsuit was filed on May 14, 2020, and is pending in the United States District Court for the Southern District of West Virginia.

1

Plaintiff alleges that this action was not disclosed during discovery. (*Id.*) Tincher is represented by the same counsel in both this case and the undisclosed lawsuit, and Plaintiff alleges he learned of this additional lawsuit, not from Defendant's counsel, but from the attorney representing the plaintiff in the undisclosed lawsuit. (*Id.* at 2.)

In *Fortune v. City of Logan*, Plaintiff Travis Fortune ("Fortune") alleges he was walking on the railroad tracks with another individual in downtown Logan, West Virginia, when they were stopped by Tincher. (ECF No. 198–2 at 2–3, ¶ 10.) Tincher told Fortune that there was a report of someone overdosing on heroin and ordered the men to drop their backpacks. (*Id.* at 3, ¶ 11.) Tincher searched the backpacks, found drug paraphernalia, and became angry at Fortune's response to Tincher's questioning. (*Id.* ¶ 16.) Fortune further alleges that Tincher struck Fortune in the face, without warning or provocation, and then got on top of him and beat him until he was bloody. (*Id.* at 3, ¶¶ 18–19.) After being taken to the station, Fortune alleges Tincher beat him while he was handcuffed. (*Id.* at 4, ¶ 28.) Fortune alleges his injuries were so severe that he required multiple surgeries to screw his jaw together. (*Id.* at 6–7, ¶¶ 44–48.)

In addition, Plaintiff alleges Tincher filed his Certificate of Service for his discovery responses on November 14, 2019. (ECF No. 54.) Plaintiff further alleges that Tincher's response did not disclose any documents or information relating to this lawsuit, and Tincher did not supplement his discovery responses to disclose the *Fortune* case. Further, in a Memorandum Opinion and Order entered on March 25, 2021, this Court denied Plaintiff's motion for sanctions against Tincher for his failure to disclose discovery in relation to this lawsuit. (ECF No. 204.)

On September 10, 2020, Plaintiff filed his Rule 60(b) Motion for Relief from Judgment. (ECF No. 198.) Defendants timely responded, (ECF No. 199), and Plaintiff timely replied, (ECF

2

No. 200.) On December 17, 2020, Plaintiff filed his Supplemental Reply. (ECF No. 203.) As such, this motion is fully briefed and ripe for adjudication.

## II.  DISCUSSION

Plaintiff moves for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure based on Defendant Tincher's failure to disclose the *Fortune* lawsuit during discovery. Specifically, Plaintiff moves this Court to vacate the July 31, 2020, jury verdict against him because Defendant's failure to disclose this subsequent lawsuit prevented Plaintiff from introducing it at trial. Plaintiff further argues that he believes the introduction of this lawsuit would have allowed the jury to reach a different conclusion and find for Plaintiff. (ECF No. 198 at 6.) Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, Plaintiff seeks relief under Rule 60(b)(2), (3), and (6).

First, Rule 60(b)(2) allows a court to relieve a final judgment for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 59(b) of the Federal Rules of Civil Procedure states that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." In this case, the jury verdict was returned on July 31, 2020, (ECF No. 190), and the judgment order was

3

entered on August 4, 2020, (ECF No. 193.) Plaintiff learned of the *Fortune* lawsuit on July 29, 2020, during the trial of this case and did not file the current motion until September 10, 2020, which is over 28 days after the entry of judgment. In response, Plaintiff argues that Rule 60(b) "was a better vehicle to coincide with defense counsel's misconduct" and that this argument should have been addressed by the Court when it was raised by Plaintiff at the trial on July 30, 2020. (ECF No. 198 at 4–5.) Plaintiff also argues that he mentioned that this Rule 60 motion was forthcoming in a footnote in his Motion for Sanctions, (ECF No. 195 at 2), which was filed within the time frame for a Rule 59 Motion. However, none of these arguments have merit. Rule 60(b)(2) is clear that a final judgment can only be overturned under this rule if the newly discovered evidence could not have been discovered in time to move for a new trial under Rule 59(b). Here, Plaintiff learned of the *Fortune* lawsuit during the pendency of the trial and failed to move under Rule 59(b) within the required time period.

Next, Plaintiff seeks to vacate the jury verdict under Rule 60(b)(3) which allows relief from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)). Further, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." *Square*

4

*Const. Co.*, 657 F.2d at 71. The Fourth Circuit has held that "an adverse party's failure, either inadvertent or intentional, to produce such obviously pertinent requested discovery material in its possession is misconduct under the meaning of Rule 60(b)(3)." *Schultz*, 24 F.3d at 630. Further, "new evidence does not have to be result altering to warrant a new trial on a Rule 60(b)(3) motion." *Id.* at 631.

Under the first factor as discussed in *Schultz*, Plaintiff states simply that he had a meritorious claim against Tincher on his excessive force claim and various state law tort claims[1] and then concludes that "this factor is met" without any further comment. (ECF No. 198 at 11.) Plaintiff has failed to present any analysis in support of this factor and has failed to specify exactly what meritorious claim he sought to present. Assuming Plaintiff is arguing that he was prevented from asserting the argument that Tincher had engaged in similar conduct previously, this is incorrect. Plaintiff called witness Tony Mead who testified about his own lawsuit against Tincher. (ECF No. 186.) Yet, the jury was unpersuaded.

This is in contrast to *Schultz*, where the plaintiff had been injured after the small boat in which she was riding crossed the wake of a larger passenger vessel operated by the defendant. 24 F.3d at 628. Plaintiff's counsel in that case failed to disclose a coast guard report of the incident that stated there was no evidence that the defendant vessel was operating at excessive speed and that the operator of the plaintiff's boat had taken actions that were likely to cause injury. *Id.* at 629. Further, the trial court had found that the defendant failed to reduce its speed, that the operator of the boat plaintiff was aboard acted reasonably, and that the defendant's speed was the proximate cause of the plaintiff's injury, which was in direct contrast to the undisclosed coast

---

[1] At trial, the jury found for Tincher on all of Plaintiff's claims against him, which included claims for Fourth Amendment excessive force, assualt, battery, tort of outrage, and failure to render medical care. (ECF No. 190.)

5

guard report. *Id.* Similarly, in *Square Const. Co.*, the Fourth Circuit found that a contractor had raised a meritorious defense when the opposing party failed to disclose certain costs in an action contesting the assessment of excess costs. *Square Const. Co.*, 657 F.2d at 70. Tincher's failure to disclose prevented Plaintiff from presenting evidence of an additional excessive force lawsuit against Tincher. At trial, Plaintiff introduced evidence of a different excessive force lawsuit against Tincher and has not specified exactly how the introduction of the *Fortune* case would have further supported his claims. This is in contrast to *Schultz* and *Square Const. Co.* where the undisclosed evidence directly impacted the determination of liability. Particularly in *Schultz*, the undisclosed evidence was directly at odds with the trial court's findings. Plaintiff here has failed to advance any argument to demonstrate that he had a meritorious claim that he was unable to present due to Tincher's failure to disclose. Accordingly, this factor is not met.

Next, under the second factor, Plaintiff must prove Tincher's misconduct by clear and convincing evidence. The Court notes that Plaintiff improperly served his only interrogatory to Tincher after the close of discovery and that this interrogatory is the basis for Plaintiff's arguments here. In *Schultz*, the Fourth Circuit held that the requirements of Rule 60(b)(3) had been met and a new trial was warranted when a party made "a proper discovery demand" for the documents pertaining to the incident but the opposing party failed to disclose them. *Schultz*, 24 F.3d at 628–631. Here, Plaintiff's interrogatory to Tincher was indisputably improperly served. On October 14, 2019, Plaintiff filed a certificate of service for his first and only set of interrogatories directed to Tincher. (ECF No. 52.) Under the Scheduling Order in place at that time, all discovery requests were required to be served by October 4, 2019. (ECF No. 21.) Thus, Plaintiff's interrogatory was served in violation of this Court's order and, as a result, Defendant did not have

6

a duty to supplement his response to the improper interrogatory under Rule 26(e).  Plaintiff has failed to present clear and convincing evidence that Tincher engaged in misconduct, and this factor is also not met.

Finally, under the third factor, Plaintiff fails to show that he was prevented from fully presenting his case.  Plaintiff argues that the similar allegations in the *Fortune* lawsuit could have been the "deciding factor" that pushed the jury to find for Plaintiff and award damages.  (ECF No. 198 at 14.)  Plaintiff argues that the *Fortune* lawsuit was factually similar to the allegations in this case and that he should have been permitted to call Fortune as a witness and introduce evidence of this similar lawsuit.  However, as discussed above, Plaintiff was not prevented from presenting evidence of a previous excessive force lawsuit against Tincher and was only disadvantaged to the extent he was not able to call the plaintiff in *Fortune* as a witness or introduce the facts of that case.  This Court permitted Plaintiff to present evidence of a prior lawsuit against Tincher, and thus the jury heard testimony similar to what Plaintiff was unable to present, yet the jury was unmoved.  Accordingly, this argument also fails.

Further, even if this Court were to find that all three factors are met, Plaintiff has not demonstrated that this is the type of misconduct which would overcome the favor finality of judgments enjoys.  Plaintiff complains of being prevented from introducing evidence of another excessive force lawsuit against Tincher which alleged similar facts to Plaintiff's claims here.  Tincher admittedly did not disclose the *Fortune* matter, but Plaintiff's interrogatories were improperly served.  Further, Plaintiff was permitted to introduce evidence of another excessive force lawsuit involving Tincher to the jury.  The Court's view is that Plaintiff's direct evidence of liability was weak, the jury likely did not find the testimony of Plaintiff and some of his witnesses

credible, and the presentation of the *Fortune* evidence would very likely not change the outcome. Thus, Plaintiff has shown no real prejudice. The interests of finality of judgments and justice do not require this Court to overturn a jury's findings against Plaintiff on six separate counts under these circumstances. Accordingly, Plaintiff's arguments under Rule 60(b)(3) are also rejected.

Finally, Plaintiff argues he is entitled to relief from judgment under Rule 60(b)(6) for "any other reason that justifies relief." "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 864 (1988)). Here, Plaintiff argues that the same actions and inactions of Tincher serve as a basis for relief under this catch all provision. Further, Plaintiff argues justice was not served and that his constitutional rights were violated as a result of Tincher's actions. (ECF No. 198 at 14–15.) Plaintiff is essentially seeking relief under this provision for the same reasons as he sought relief under Rule 60(b)(2) and (3), which is improper. Further, he has offered no other "extraordinary circumstances" to justify relief under Rule 60(b)(6). This argument is, again, rejected, and Plaintiff has failed to allege any basis for relief under Rule 60(b). Accordingly, Plaintiff's motion is denied.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. Further, the jury returned a verdict in this case on July 31, 2020, and no additional motions are pending. Accordingly, the Court **DIRECTS** the Clerk to remove this case from this Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:  September 23, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

9