```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON

_____x
                                :
FRANK MORGAN,                   :    Criminal Action
                                :
             Plaintiff,         :    No.  2:18-cv-01450
                                :
v.                              :
                                :    Date:  July 30, 2020
LOGAN COUNTY COMMISSION,        :
et al.,                         :
                                :
             Defendants.        :
_____x

       PARTIAL TRANSCRIPT OF JURY TRIAL PROCEEDINGS HELD
    BEFORE THE HONORABLE THOMAS E. JOHNSTON, CHIEF JUDGE
                UNITED STATES DISTRICT COURT
                IN CHARLESTON, WEST VIRGINIA

APPEARANCES:
For the Plaintiff:        KERRY A. NESSEL, ESQ.
                          The Nessel Law Firm
                          519-1/2 Eighth Street
                          Huntington, WV  25701

                          ABRAHAM J. SAAD, ESQ.
                          Saad Law Office
                          P. O. Box 1638
                          Huntington, WV  25717-1638

For the Defendants:       WILLIAM E. MURRAY, ESQ.
                          Anspach Meeks Ellenberger
                          Suite 1700
                          900 Lee Street East
                          Charleston, WV  25301

                          WENDY E. GREVE, ESQ.
                          Pullin Fowler Flanagan Brown &
                          Poe
                          901 Quarrier Street
                          Charleston, WV  25301

Court Reporter:           Ayme Cochran, RMR, CRR

Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

1    PARTIAL PROCEEDINGS had before The Honorable Thomas E.
2    Johnston, Chief Judge, United States District Court,
3    Southern District of West Virginia, in Charleston, West
4    Virginia, on July 30, 2020, as follows:
5         THE COURT:  Good morning.
6         SIMULTANEOUS SPEAKERS:  Good morning, Your Honor.
7         THE COURT:  I want to give you some rulings on
8    some matters, a couple matters we discussed last evening,
9    regarding punitive damages.
10        First of all, I think that it is correct to say that
11   the Fourth Circuit has not addressed whether or not
12   compensatory damages are a necessary threshold to reach the
13   punitives.
14        With regard to West Virginia, we searched in vain for
15   the case you cited, Mr. Nessel.  I could not find it.
16        However, what we found was a case that says that --
17   it's the *Rohrbach* case that says that you have to have at
18   least nominal damages to get to punitives.
19        So, the -- my ruling is that I'm going to leave that
20   statement in, the sentence in that starts out if -- well,
21   I'm going to leave that phrase in.  I originally talked
22   about taking out on Page 20, Line 8, if you choose to award
23   compensatory damages.  I'm going to leave that in and follow
24   it with the phrase regardless of the amount.
25        Now, in this case, frankly, I think that this is an

*Ayme A. Cochran, RMR, CRR (304) 347-3128*

1    academic point because this is not a case where if the jury
2    decides it wants to award punitive damages they will have
3    concluded that there's no compensatory damages.  I mean, I
4    just don't think, as a practical matter, that's likely to
5    occur.  So, I think this is an academic point, but that's
6    the way I -- that's my ruling.
7         With regard to the -- Lines 5 and 6 on Page 22 which
8    reads punitive damages to bear a reasonable relationship to
9    the compensatory damages which are awarded, if any, I
10   believe that is a correct statement of the law.  However, as
11   we discussed, I think it is more a standard of review than
12   something that should be given to the jury.  So, I'm going
13   to take that out.
14         Your objections, if any, are preserved.
15            MR. NESSEL:  Your Honor, may I read a syllabus
16   point to you from the case that I talked about yesterday?
17            THE COURT:  Could you give us the cite?
18            MR. NESSEL:  Sure.  It was under *Lunsford*.  My
19   client was the respondent.  It is -- it was in this term,
20   January, 2020 term.  It's case number 18-0595.  Filed
21   March 27th of 2020.  *Lunsford, Kelly, Erwin v. Christopher*
22   *Shy*.  Should have started with *Lunsford*.  It would be under
23   my client's name.
24            THE COURT:  That would have been helpful.
25            MR. NESSEL:  Well, I wasn't thinking.  But would

1  you like me to read that syllabus point?

2          THE COURT: You can.

3          MR. NESSEL: May I sit down to read it so I can
4  see it?

5          THE COURT: You are sitting.

6          MR. NESSEL: Well, I know that, but I usually
7  stand up when I address the Court.

8          THE COURT: Well, you weren't at the moment. So,
9  no. Go ahead and read it.

10         MR. NESSEL: Yes, sir.

11     A jury may award punitive damages subsequent to finding
12  liability for a 942 U. S. C. Section 1983 claim without an
13  accompanying award of nominal or compensatory damages. To
14  the extent that this holding is inconsistent with syllabus
15  point 1 in *Garnes,* modified on other grounds by *Perrine*,
16  that case is expressly modified. That's what was held.

17         THE COURT: All right. Well, again, I don't think
18  an opinion of the West Virginia Supreme Court is binding on
19  this Court on a 1983 action.

20         MR. NESSEL: I agree with that.

21         THE COURT: And, again, I'm not inclined to
22  discuss this further because I think, in this case, it's
23  unlikely to be an issue.

24         MR. NESSEL: Yes, sir.

25         THE COURT: Extremely, actually, unlikely to be an

1 issue.  So, those are my rulings.

2     I am still working on the verdict form, but that will

3 necessarily have to be addressed before I give the

4 instructions at least.

5     So, anything else we need to take up before we bring

6 the jury in and proceeding?

7       MR. NESSEL:  My Motion for Sanctions, Your Honor,

8 filed this morning at 6:38.

9       THE COURT:  Well, I hope you'll pardon me if I

10 haven't -- if I tell you I haven't read that yet.

11       MR. NESSEL:  I do pardon you, Your Honor.

12       THE COURT:  Well, I appreciate that.

13    Ms. Greve, when will you anticipate filing a response?

14       MS. GREVE:  Your Honor, my office is preparing a

15 response and another motion.  The discovery that plaintiff's

16 counsel is objecting to is actually -- he's failed to

17 supplement his discovery.  He's never provided us the

18 updated list of the criminal complaints that have been made

19 against Mr. Morgan.  There was never an objection to that

20 discovery request.

21     And we're going to request that we be permitted, one,

22 that they make their disclosure now; and, two, that we be

23 permitted to re-call Mr. Morgan if there are any criminal

24 charges that have been brought against him that would be

25 admissible in this case.

1         MR. NESSEL:  I can quickly respond to that, very
2    quickly.
3         Your Honor, the evidence of which she speaks, they're
4    acquainting a disclosure of non-essential evidence of a
5    bound over case, which you yesterday said she's not allowed
6    to ask questions, which I did not know about and, if the
7    Court knew, if they saw me yesterday, I'd have said I don't
8    know what those charges are.  You'd have had to ask Mr.
9    Morgan.
10        It's obvious by the response yesterday, they had known
11   about it.  Equating not telling me that this man was in a
12   lawsuit where he broke somebody's jaw who required three
13   surgeries with not disclosing the fact of a bound 20, 2020
14   bound over case which you found to be irrelevant and
15   inadmissible, is ludicrous.  So, that's my response orally
16   to just that motion.  Thank you.
17        THE COURT:  Let's bring the jury in.
18      (Excerpt condludes; further proceedings followed)
19
20   CERTIFICATION:
21       I, Ayme A. Cochran, Official Court Reporter, certify
22   that the foregoing is a correct transcript from the record
23   of proceedings in the matter of Frank Morgan,
24   Plaintiff/Counterclaim Defendant v. Logan County Commission,
25   et al., Defendants/Counterclaim Plaintiffs, Civil Action No.

*Ayme A. Cochran, RMR, CRR (304) 347-3128*

1    2:18-cv-01450, as reported on July 30, 2020.

2

3    s/Ayme A. Cochran, RMR, CRR                March 30, 2022

4    Ayme A. Cochran, RMR, CRR                              DATE

*Ayme A. Cochran, RMR, CRR (304) 347-3128*